IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIO SALINAS, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>                    Plaintiff,<br><br>    v.<br><br>WAFFLES CHICAGO, LLC, an Illinois limited liability company, d/b/a CHICAGO WAFFLES, and GARY KREYMER, an individual,<br><br>                    Defendants. | Case No. 16-cv-01988 |

## COMPLAINT

The Plaintiff, Julio Salinas ("Plaintiff" or "Salinas"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Waffles Chicago, LLC d/b/a Chicago Waffles ("Chicago Waffles") and Gary Kreymer ("Kreymer"), as follows:

### Nature of the Suit

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL") for Defendants' failure to pay Plaintiff, and other similarly situated employees, their overtime pay. Plaintiff, and other back of house employees, worked more than 40 hours in individual workweeks and were not paid overtime compensation by Defendants. This case is brought as a

collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party is attached as Exhibit A.

## Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## The Parties

4. Plaintiff is a former dishwasher for the Defendants. Plaintiff worked for the Defendants from approximately October 2014 through October 18, 2015.

5. During the course of his employment, Plaintiff regularly handled goods, including perishable food and food products, that moved in interstate commerce.

6. Plaintiff resides in and is domiciled within this judicial district.

7. Defendant Chicago Waffles is operated by Waffles Chicago, LLC, an Illinois limited liability company, and is doing business as Chicago Waffles restaurant within this judicial district. The corporate officers and registered agent for Defendant Chicago Waffles are also located within this judicial district.

8. Upon information and belief, Defendant Chicago Waffles earned more than $500,000 in annual gross revenue during 2012, 2013, 2014 and 2015.

9. Defendant Kreymer is a managing member of Waffles Chicago, LLC.

10. Defendant Kreymer hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage

payment, and maintained employment records. In furtherance of these duties, Defendant Kreymer hired and fired the Plaintiff, set the Plaintiff's work schedule, and paid the Plaintiff's wages.

11. Upon information and belief, Defendant Kreymer resides in and is domiciled within this judicial district.

**Common Allegations**

12. Defendants paid Plaintiff on an hourly basis.

13. During Plaintiff's employment with the Defendants, Plaintiff's hourly rate of pay was $10.00.

14. Plaintiff, and other back of house employees including cooks and dishwashers ("back of house employees"), were directed to work, and did work, more than 40 hours in individual workweeks.

15. Plaintiff regularly worked 45 or more hours in individual workweeks for the Defendants.

16. Defendants did not compensate Plaintiff, and other kitchen employees, at one and one-half times their regular hourly rates of pay for hours worked in excess of 40 in individual workweeks.

17. Defendants did not pay Plaintiff, and other kitchen employees, an overtime premium when they worked more than 40 hours in a workweek. Defendants paid all of the Plaintiff's hours worked at this straight-time rate of pay.

18. In October 2015, Plaintiff personally complained to Defendant Kreymer about Defendants' failure to pay him overtime wages.

19. Approximately two weeks later, on October 18, 2015, Defendants abruptly terminated Plaintiff's employment.

20. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4, 820 ILCS § 105/9.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

21. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

22. During the last three years before the filing of this suit, Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

23. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

24. During the course of Plaintiff's employment, Defendants employed other back of house employees who were similarly not exempt from the overtime wage provisions of the FLSA.

25. During the last three years before the filing of this suit, Defendants were each an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d).

26. Defendant Chicago Waffles was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

27. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other back of house employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

28. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

4

29. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendant Kreymer informed Plaintiff, and other employees, that he did not pay overtime. Additionally, Defendants violated the FLSA anti-retaliation provision when they terminated the Plaintiff for requesting to be paid overtime wages. Defendants further violated the Act's recordkeeping, notice and posting requirements.

**WHEREFORE**, the Plaintiff, Julio Salinas, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Waffles Chicago, LLC d/b/a Chicago Waffles and Gary Kreymer, as follows:

    A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

    B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

30. Plaintiff hereby incorporates paragraphs 1 through 20 as though stated herein.

31. During the last three years before the filing of this suit, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

32. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

33. During the course of Plaintiff's employment, Defendants employed other back of house employees who were similarly not exempt from the overtime wage provisions of the IMWL.

34. During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

35. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other back of house employees worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

36. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Julio Salinas, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Waffles Chicago, LLC d/b/a Chicago Waffles and Gary Kreymer, as follows:

   A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

   B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

   C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

   D. Such other and further relied as this Court deems appropriate and just.

## COUNT III
## Violation of the Fair Labor Standards Act – Retaliation

37. Plaintiff hereby incorporates paragraphs 1 through 20, 22, and 25 as though stated herein.

38. Plaintiff engaged in protected activity under the FLSA, 29 U.S.C. 201, *et seq.*, when he complained to the Defendants about Defendants' failure to pay him overtime wages.

39. Defendants violated the anti-retaliation prohibition within the FLSA, 29 U.S.C. § 215(a)(3), by abruptly terminating the Plaintiff for engaging in protected activity by complaining about Defendants' failure to pay wages in accordance with the Act's requirements.

**WHEREFORE**, the Plaintiff, Julio Salinas, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Waffles Chicago, LLC d/b/a Chicago Waffles and Gary Kreymer, as follows:

A. Judgment in the amount of the lost wages suffered by Plaintiff as a direct result of Defendants' retaliatory termination of his employment;

B. Liquidated damages in an amount equal to the amount of lost wages suffered by Plaintiff;

C. Compensatory damages in an amount to be determined at trial for the emotional distress, mental anguish, embarrassment, humiliation, and loss of dignity suffered by Plaintiff as a direct result of Defendants' retaliatory termination of his employment;

D. Punitive damages in an amount to be determined at trial for Defendants' willful, malicious, and intentional violation of the Fair Labor Standards Act, 29 U.S.C. 215(a)(3);

E. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

F. Such other legal and equitable relief that this Court deem appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation front pay for Plaintiff's future lost wages suffered as a direct result of Defendants' retaliatory termination of Plaintiff's employment and injunctive relief consisting of a declaration that Defendants engaged in retaliatory conduct in contravention of this section and an order to Defendants to cease engaging in any such further retaliatory conduct.

Dated: February 5, 2016            Respectfully submitted,
Julio Salinas, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, Plaintiff


/s/ Nicholas P. Cholis
_____
One of Plaintiff's Attorneys


Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiff
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net